USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS ______________________________ FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _____________________ ____________________ No. 92-2423 TERESA J. ROBLETO, Plaintiff, Appellee, v. GUILLERMO BUCH RODRIGUEZ, ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Anthony J. Castellanos, U.S. Magistrate Judge] _____________________ _____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ _____________________ Ciro A. Betancourt and Eduardo A. Betancourt on brief for ___________________ ______________________ appellants. Juan A. Lopez-Conway and Calvesbert & Brown on brief for _____________________ ___________________ appellee. ____________________ June 11, 1993 ____________________ Per Curiam. The district court entered a default in Per Curiam. __________ this debt-collection action, see Fed. R. Civ. P. 55, and ___ thereafter held an evidentiary hearing to assess damages. By consent of the parties, a magistrate judge presided at the hearing. The magistrate made extensive findings and entered judgment accordingly. Defendants appeal. Defendants do not challenge either the district court's jurisdiction or the entry of the default; and, moreover, they never asked the district court to vacate the final entry of default or set it aside. Thus, the only matters cognizable on appeal relate to damages. See Goldman, Antonetti, Etc. v. Medfit ___ ________________________ ______ Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1993) (holding that, ___________ upon an entry of default, the well-pleaded facts contained in the complaint are considered to have been proved and the defendants' liability is deemed conclusively established); Brockton Sav. Bank __________________ v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) _____________________________ (similar), cert. denied, 475 U.S. 1018 (1986); see also 9A _____ ______ ___ ____ Charles A. Wright et al., Federal Practice & Procedure 2688 (2d ____________________________ ed. 1983). We have carefully reviewed the record, the magistrate's findings, and the parties' briefs in light of this basic principle. Doing so, we conclude that issues I and III represent thinly-veiled attempts to undermine the confession of liability that arises from the entry of default.1 Since appellants, by ____________________ 1For ease in reference, we adopt appellants' numbering of the issues on appeal. 2 defaulting, allowed the clock to expire and forfeited their right to contest liability, we cannot allow them to skirt the condign consequences of an entry of default by undertaking an end run after the final whistle. Turning to appellants' evidentiary issues, we find them meritless. As to issue II, we can see no improper limitation of appellants' right of cross-examination. See, e.g., United ___ ____ ______ States v. Boylan, 898 F.2d 230, 254-55 (1st Cir.) (discussing ______ ______ trial court's broad discretion in respect to scope of cross- examination), cert. denied, 498 U.S. 849 (1990). The _____ ______ magistrate's circumscription of the scope of appellants' cross- examination of Robleto could not have created cognizable unfairness because no liability issues were in contention due to the default. The truth was not open to cross-questioning but had previously been established as a matter of law. As to issue V, we do not think the testimony concerning the check drawn to the order of Aquiles Marin violated the parol evidence rule. See, e.g., Brennan v. Carvel Corp., 929 F.2d 801, ___ ____ _______ ____________ 808 (1st Cir. 1991) (holding that a court may receive extrinsic evidence to elucidate the significance, rather than vary or contradict the terms, of a written instrument). In any event, Rule 69(B) of the Puerto Rico Rules of Evidence, P.R. Laws Ann. tit. 32, App. IV (1983), upon which appellants rely, does not control in a federal court. See Ricciardi v. Children's Hosp. ___ _________ ________________ Medical Center, 811 F.2d 18, 21 (1st Cir. 1987) ("In general, the ______________ Federal Rules [of Evidence] apply to all cases in the [federal] 3 district courts, including diversity cases."). Issues IV, VII, and IX depend on appellants' assertion that the magistrate's findings are contrary to the weight of the evidence. We disagree with this assertion. It is black letter law that, "[o]nce the entry of a default establishes the fact of ____ damage, the trial judge, sitting without a jury in a Rule 55 proceeding, has considerable latitude in determining the amount ______ of damages." Jones v. Winnepesaukee Realty, Inc., F.2d , _____ __________________________ ___ ___ (1st Cir. 1993) [No. 92-2151, slip op. at 6]. This generous _ standard dictates the result we must reach. In each of the instances highlighted by appellants, the record reveals an adequate foundation for the magistrate's findings. It would serve no useful purpose to spell out our rationale in greater detail. See, e.g., DiMillo v. Sheepscot ___ ____ _______ _________ Pilots, Inc., 870 F.2d 746, 750 (1st Cir. 1989) (explaining that ____________ an appellate court need not set out the facts where "[t]he parties know . . . what inferences the proof permits; the magistrate canvassed matters with care and elaborated his reasoning sufficiently; and the case is so fact-specific that piecing together the evidentiary puzzle would serve no precedential purpose."). It suffices to say that we discern no hint of error, clear or otherwise. See generally id. at 750-51 ___ _________ ___ (holding that, when there are two supportable views of the proof, the factfinder's choice between them cannot be clearly erroneous); Irons v. FBI, 811 F.2d 681, 684 (1st Cir. 1987) _____ ___ (stating that, "[w]here the conclusions of the [trier] depend on 4 its election among conflicting facts or its choice of which competing inferences to draw from undisputed basic facts, appellate courts should defer to such fact-intensive findings" unless they are wholly unsupported by the record). The foregoing exposition clears the decks, save for issue XI.2 That issue deals with the magistrate's award of attorneys' fees to the prevailing plaintiff under P.R. Laws Ann. tit. 32, App. III, Rule 44.1(d)(1989). It is settled that, "[i]n diversity cases where Puerto Rico law supplies the rule of decision, the federal court must utilize [Rule 44.1(d)]." De __ Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 __________ ______________________________ (1st Cir. 1991). The rule is triggered by a finding that a losing party "ha[s] been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Id. Here, the ___ magistrate made just such a finding.3 He documented it, moreover, by elucidating book and verse anent appellants' delaying tactics, frustration of discovery, and failure to pay a monetary sanction earlier imposed. We are constrained to review this finding "in a ____________________ 2Issues VI and VIII are not accompanied by the slightest shred of developed argumentation and are, therefore, deemed to have been waived. See United States v. Zannino, 895 F.2d 1, 17 ___ _____________ _______ (1st Cir.), cert. denied, 494 U.S. 1082 (1990). _____ ______ 3Indeed, the magistrate went a step further, explicitly finding that appellants litigated in bad faith. This finding, too, is supportable on the record. 5 deferential manner, using an abuse-of-discretion approach." Id. ___ at 126-27. That ends the matter. We are satisfied that the challenged finding passes muster with flying colors: on this record, a conclusion that appellants acted obstinately and with temerity falls well within the realm of the magistrate's discretion. The award of counsel fees must, therefore, stand.4 We need go no further. Because this appeal presents no substantial question, we summarily affirm the judgment below. See 1st Cir. Loc. R. 27.1. ___ Affirmed. Double costs to appellee. Affirmed. Double costs to appellee. ___________________________________ ____________________ 4Appellants challenge only the fact of the award, not the ____ amount awarded. ______ 6